**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IRENE SCHNEIDER FAMILY TRUST, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CHRISTIANA TRUST, *et al.*,<br><br>    Defendants. | Civil Action No. 23-01980 (MAS) (JBD)<br><br>**OPINION** |

**SHIPP, District Judge**

    **THIS MATTER** comes before the Court upon Defendants Christiana Trust; GSRAN-Z, LLC; Wilmington Savings Fund Society, FSB; and NR Deed LLC's joint Motion to Dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6) as well as for sanctions pursuant to Rule 11. (ECF No. 26.) Plaintiffs Irene Schneider Family Trust, Harry Schneider Family Trust, Elias Schneider, and David Schneider opposed, and Defendants replied.[1] (ECF Nos. 28 & 29.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendants' motion is **GRANTED** in part and **DENIED** in part. Specifically, the Amended Complaint is dismissed in its entirety without prejudice, and no sanctions are awarded at this time.

---

[1] Plaintiffs are all represented by Elias Schneider, Esq., who also appears to be one of the named Plaintiffs in the matter.

## I.    **BACKGROUND**

### A.    FACTUAL BACKGROUND

This case involves allegations that Defendants initiated and pursued two tax lien foreclosure actions in the New Jersey Superior Court despite the state court allegedly not having had "jurisdiction" over the actions.

Plaintiffs are the Harry Schneider Family Trust and the Irene Schneider Family Trust, both based in East Brunswick, New Jersey, as well as Elias Schneider and David Schneider, both residents of East Brunswick, New Jersey. (ECF No. 8 at 2.) The Harry Schneider Family Trust owned a house at 68 Wilmot Street in East Brunswick, and the Irene Schneider Family Trust owned an office building at 49 West Prospect Street in East Brunswick. (*Id.* at 4-5 ¶¶ 13, 18-19.) Elias and David Schneider were the co-trustees and sole beneficiaries of the trusts. (*Id.* at 5 ¶¶ 13-17.)

Plaintiffs allege that Defendant Christiana Trust "is a business enterprise" that "is not a corporation, LLC, holding company, a company, a business entity, nor an entity name." (*Id.* at 6 ¶ 20.) Christiana Trust "was not formed in the State of New Jersey, and is not registered . . . to do business in New Jersey." (*Id.* ¶ 21.) Nevertheless, Christiana Trust allegedly "transacts business in New Jersey by sending its representatives to municipal tax sales, and has been the successful bidder of New Jersey municipal tax sale certificates at hundreds, if not thousands, of such sales." (*Id.* ¶ 26.) Christiana Trust allegedly "has filed over three hundred tax foreclosure actions in the [s]tate [c]ourts of New Jersey," and it has "file[d] motions in [s]tate [c]ourt legal proceedings." (*Id.* at 7 ¶¶ 27, 32.)

Plaintiffs allege that Christiana Trust files tax lien foreclosure suits individually and as a custodian for GSRAN-Z, LLC. (*Id.* ¶ 34.) Christiana Trust "also trades[] and is known as . . . Christiana Trust, Financial Services, a Division of Wilmington Savings Fund Society, FSB." (*Id.* at 8 ¶ 35.) Wilmington Savings Fund Society, FSB, "is a bank which . . . operates a tax foreclosure

sale business . . . and operates and does business" in Wilmington, Delaware. (*Id.* ¶ 36.) Defendant NR Deed, LLC, is alleged to be "a foreign LLC, which is registered . . . [in] New Jersey." (*Id.* ¶ 37.)

According to Plaintiffs, Christiana Trust (through its agent or employees) attended a tax certificate sale in East Brunswick and purchased from the tax collector the tax sale certificates for the house at 68 Wilmot Street as well as the office building at 49 West Prospect Street. (*Id.* at 9 ¶ 2.) In February 2021, Christiana Trust filed a tax lien foreclosure complaint against the Irene Schneider Family Trust in New Jersey Superior Court, Middlesex County, Chancery Division, Docket No. F-000765-21. (*Id.* at 10 ¶ 6.) Shortly thereafter, Christiana Trust filed a tax lien foreclosure complaint against the Harry Schneider Family Trust in New Jersey Superior Court, Middlesex County, Chancery Division, Docket No. F-001124-21. (*Id.*)

Plaintiffs allege that Christiana Trust "successfully argued before the [s]tate [c]ourts that the New Jersey statutes requiring registration[] did not apply to . . . Christiana Trust because it was not an entity, . . . it did not exist, and that it was just a name." (*Id.* at 11 ¶ 15.) And on June 15, 2022, Christiana Trust assigned the tax sale certificates for the two properties to NR Deed, LLC. (*Id.* at 12 ¶ 17.) The assignments were recorded with the Middlesex County Clerk on December 15, 2022. (*Id.* ¶ 18.) Christiana Trust's attorneys moved in the foreclosure proceedings to substitute NR Deed, LLC, as the plaintiff. (*Id.* ¶ 21.) The attorneys representing Christiana Trust also represented NR Deed, LLC, in the foreclosure proceedings. (*Id.* ¶ 22.)

The two trusts filed notices of *lis pendens* on the properties subject to the foreclosure actions. (*Id.* at 13 ¶ 25.) The trusts also challenged the jurisdiction of the state courts via motions to dismiss, which were opposed by Christiana Trust. (*Id.* ¶¶ 26-28.) Plaintiffs allege that the trusts raised jurisdictional issues "both in the Chancery Division and the Appellate Division . . . at least seven . . . times" and "each time the [s]tate [c]ourt failed to consider the merits" and ultimately

denied the motions "without any analyses or consideration of the merits of the facts and law." (*Id.* at 16 ¶¶ 35-38.) Plaintiffs allege that the trusts were forced to retain counsel in the foreclosure proceedings and incurred substantial costs trying to defend those actions. (*Id.* at 14 ¶ 29, 17 ¶ 40.) In addition, a tenant who lived at 68 Wilmot Street for ten years was forced to vacate the property so that Plaintiffs could "put the . . . property on the market" to try to "avoid[] the loss of the property in the [s]tate [c]ourt foreclosure action filed by Christiana Trust." (*Id.* at 18 ¶¶ 44-47.)

The damages Plaintiffs allege to have suffered include "$58,231.50 for the . . . foreclosure claims and various costs"; a "real estate commission of approximately $25,000.00, upon the sale of the property"; "$175,000.00 [in] legal fees for defending the suit" and other court costs; $5,300.00 in "moving expenses of tenant for vacating property voluntarily"; and $121,215.00 "demanded [by] the East Brunswick Tax Collector." (*Id.* at 19 ¶¶ 48-51, 21 ¶ 3.) Plaintiffs allege that they had to borrow $325,000.00 from Allstate Realty, LLC, to cover the costs. (*Id.* at 21 ¶ 2.)

Plaintiffs seek "[t]reble or punitive damages" and demand judgment against Defendants in the amount of $2,000,000.00 or other "sum [that] would reasonably compensate . . . Plaintiffs for all costs which [were] incurred in defending the wrongfully filed foreclosure action." (*Id.* at 20, 22, 23-28, 31-32, 36.)

## B.    PROCEDURAL BACKGROUND

Plaintiffs initiated this case on April 6, 2023. (ECF No. 1.) They filed an Amended Complaint on October 10, 2023.[2] (ECF No. 8.) The Amended Complaint asserts nine purported counts against Defendants: Counts One through Six are for "violation of constitutional rights," including due process under the Fifth Amendment; Count Seven is for violation of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. 1961, *et seq.*; Count

---

[2] The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

Eight is an undefined claim against Wilmington Savings Fund Society, FSB; and Count Nine is for declaratory judgment.[3] (*Id.* at 9-36.)

On February 21, 2024, Defendants moved to dismiss the Amended Complaint under Rules 12(b)(1) and 12(b)(6). (ECF No. 26.) Plaintiffs opposed on March 3, 2024. (ECF Nos. 27 & 28.) Defendants replied on March 13, 2024. (ECF No. 29.)

## II.    LEGAL STANDARD

### A.    RULE 12(B)(1)—LACK OF SUBJECT-MATTER JURISDICTION

Rule 12(b)(1) permits a defendant to move at any time to dismiss a complaint for lack of subject-matter jurisdiction on either facial or factual grounds. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). In analyzing a facial challenge, a court "must only consider the allegations of the complaint and documents attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc.*, 220 F.3d at 176. "A court considering a facial challenge construes the allegations in the complaint as true and determines whether subject matter jurisdiction exists." *Arosa Solar Energy Sys., Inc. v. Solar*, No. 18-1340, 2021 WL 1196405, at *2 (D.N.J. Mar. 30, 2021). A factual challenge "attacks allegations underlying the assertion of jurisdiction in the complaint, and it allows the defendant to present competing facts." *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016). The "trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" and "the plaintiff will have the

---

[3] The cover of the Amended Complaint references "breach of contract" and "fraud," "etc.," but no independent count is set forth in the pleading purporting to assert such claims. The Court will thus not rewrite the pleading to find claims not squarely asserted, particularly when Plaintiffs are represented or self-represented by an attorney. *See Freeman v. Allentown Sch. Dist.*, No. 19-4336, 2019 WL 4805224, at *2 (E.D. Pa. Oct. 1, 2019) ("The Court should not attempt to rewrite the pleadings to include claims that were never presented . . . .").

burden of proof that jurisdiction does in fact exist." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "Therefore, a 12(b)(1) factual challenge strips the plaintiff of the protections and factual deference provided under 12(b)(6) review." *Hartig Drug Co.*, 836 F.3d at 268. Regardless of the type of challenge, a plaintiff bears the "burden of proving that the court has subject matter jurisdiction." *Cottrell v. Heritages Dairy Stores, Inc.*, No. 09-1743, 2010 WL 3908567, at *2 (D.N.J. Sep. 30, 2010) (citing *Mortensen*, 549 F.2d at 891).

### B. RULE 12(B)(6)—FAILURE TO STATE A CLAIM

On a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6), courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Dirs. of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

III.    **DISCUSSION**

A.    COUNTS ONE THROUGH SIX—CONSTITUTIONAL CLAIMS

Counts One through Six in the Amended Complaint assert purported federal constitutional claims. The only constitutional provision specifically identified by Plaintiffs is the Fifth Amendment to the United States Constitution, which Plaintiffs allege that Defendants violated by denying Plaintiffs their right to due process. (*See* ECF No. 8 at 15 ¶ 34 ("The actions of Christiana Trust seeking to have the Superior Court of New Jersey[] exercise jurisdiction where the court does not have jurisdiction[] resulted in a denial of basic constitutional rights, such as the Fifth Amendment right to due process.").) All six counts appear to be a variation of the same argument: Christiana Trust was a "non-entity" that was not registered to do business in New Jersey, and based on New Jersey's registration statutes, Christiana Trust should not have initiated and maintained the tax lien foreclosure actions on the two properties at issue in New Jersey Superior Court. Plaintiffs acknowledge that their "jurisdictional" argument was repeatedly raised before the state courts during the foreclosure proceedings. (*Id.* at 16 ¶¶ 35-36 ("The Family Trusts raised the challenge to the jurisdiction of the courts in the Superior Court of New Jersey (both in the Chancery Division and the Appellate Division) . . . . The Family Trusts raised that jurisdictional issue at least seven (7) times . . . .").)

Defendants' motion to dismiss asserts various grounds as to why the constitutional claims lack subject-matter jurisdiction or fail as a matter of law. After careful consideration of the parties' arguments and the allegations in the amended complaint, the Court concludes for the following reasons that the constitutional claims in Counts One through Six should be dismissed without prejudice.

Defendants move to dismiss the constitutional claims for lack of jurisdiction under the *Rooker-Feldman* doctrine. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983);

*Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923). Under *Rooker-Feldman*, a federal district court does not sit to hear appeals from state-court judgments. *See Coppedge v. Deutsche Bank Nat'l Tr.*, 511 F. App'x 130, 132 (3d Cir. 2013) (noting that a district court "sit[ting] in appellate review of state-court proceedings" is "a role *specifically* prohibited by *Rooker-Feldman*"). Nevertheless, *Rooker-Feldman* occupies a somewhat "narrow ground" and is intended to prevent a disgruntled party in state-court litigation from collaterally attacking the results in federal court, claiming constitutional or other error. *See Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 453, 458-60 (3d Cir. 2019). Phrased differently, *Rooker-Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). A claim "invite[s] review and rejection of a state-court ruling" where it "seek[s] 'to determine whether [the state court] reached its result in accordance with law,' or 'to have the state-court decisions undone or declared null and void.'" *Merritts v. Richards*, 62 F.4th 764, 777 (3d Cir. 2023) (citations omitted).

Here, Defendants argue that this "case checks all of the boxes . . . for application of *Rooker-Feldman*." (ECF No. 26-1 at 18.) According to Defendants, the "Amended Complaint complains of injuries caused by the Superior Court's rejection, repeatedly, of the argument by Plaintiffs . . . that it lacked jurisdiction, the cost to Plaintiffs . . . to redeem the tax sale certificates, and incur other costs, following the award of summary judgment for foreclosure to Defendants." (*Id.* at 18-19.) Based on this, Defendants argue that "it is abundantly clear that the losses claimed in the Amended Complaint are 'inextricably intertwined' with the state court determinations." (*Id.* at 19.) In response, Plaintiffs argue that they "are not asking any court to overturn, overrule, reverse or reconsider anything. . . . [They] are challenging the actions of Christiana Trust when it filed the

foreclosure suits and pursued the prosecution of the suits. This case is not a back door challenge to what happened in state court."[4] (ECF No. 28 at 2.)

To the extent that Plaintiffs ask the Court to review and reject a final judgment of the Superior Court of New Jersey in the foreclosure proceedings, the Court agrees with Defendants that the *Rooker-Feldman* doctrine would divest this Court of jurisdiction. *See, e.g.*, *Smith v. New Jersey*, No. 17-443, 2017 WL 2560348, at *3 (D.N.J. June 12, 2017) ("[A federal district court] is prohibited from providing relief that would effectively reverse the decisions, directly or indirectly invalidate the determinations, prevent the enforcement of the State Judgment, or void the rulings issued by the state court in the State Foreclosure Action." (collecting cases)). However, even if *Rooker-Feldman* does not bar Plaintiffs' federal constitutional claims, those claims still fail as a matter of law because they are based upon the alleged conduct of private entities or actors. *See id.* at *4 ("To the extent that [the plaintiff] asserts Section 1983 claims against private entities and private actors, those claims raise no proper federal causes of action and have no call upon a federal forum. Therefore, [the plaintiff] cannot maintain claims under Section 1983 that essentially seek relief based on the private conduct of a private entity or actor, no matter how allegedly wrongful.").

A private citizen cannot typically sue directly under the United States Constitution. *See, e.g.*, *Archie v. Hamilton Twp. Mun. Ct.*, No. 19-20975, 2024 WL 3594400, at *5 (D.N.J. July 30, 2024); *see also Love v. N.J. State Police*, No. 14-1313, 2016 WL 3046257, at *4 n.10 (D.N.J. May 26, 2016) ("Although [p]laintiffs do not explicitly bring their constitutional claims under 42 U.S.C.

---

[4] Plaintiffs also argue that *Rooker-Feldman* is inapplicable because they eventually paid the tax liens and stipulated to the dismissal of the foreclosure actions, which meant that the foreclosure actions did not reach an "appealable judgment." (ECF No. 28 at 2-3.) Defendants acknowledge "that a stipulation of dismissal was filed, but that stipulation was filed only after [Plaintiffs] had lost the case on December 6, 2022, when an order was entered granting the foreclosure plaintiffs a summary judgment, and fixing the amounts and dates for redemption. The stipulation was filed only after there was nothing left to litigate." (ECF No. 29 at 6 (citing *Keyes v. Nationstar Mortg., LLC*, No. 20-02649, 2020 WL 6111036, at *6 (D.N.J. Oct. 16, 2020)).

§ 1983, because there is no direct cause of action under the United States Constitution, the Court

construes their claims as such.").

Instead, a plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations

of his or her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

To state a claim for relief under section 1983, a plaintiff must allege, first, "the violation

of a right secured by the Constitution and laws of the United States" and, second, that "the alleged

deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S.

42, 48 (1988); *see also Piecknick v. Com. of Pa.*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Courts have long recognized that "most rights secured by the Constitution are protected

only against infringement by governments." *Flagg Bros. v. Brooks*, 436 U.S. 149, 156 (1978).

This includes claims for due process violations under the Fifth Amendment. *See, e.g.*, *Nguyen v.*

*U.S. Cath. Conf.*, 719 F.2d 52, 54 (3d Cir. 1983) ("The limitations of the fifth amendment restrict

only federal governmental action and not the actions of private entities."); *Timm v. Fed. Home*

*Loan Mortg. Corp.*, No. 19-17304, 2021 WL 2582133, at *2 (D.N.J. June 23, 2021)

("The Fifth Amendment protects individuals against interference with certain rights and liberty

interests by the federal government; purely private action does not trigger constitutional

protection."). The state-action requirement "preserves an area of individual freedom by limiting

the reach of federal law and federal judicial power." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922,

936 (1982). Thus, for a plaintiff to bring a claim alleging that constitutional rights have been

infringed by a private actor or entity, the plaintiff typically must show that the acts of the private actor are "fairly attributable to the State." *Id.* at 937; *accord Lindke v. Freed*, 601 U.S. 187, 198 (2024) ("The first prong of this test is grounded in the bedrock requirement that 'the conduct allegedly causing the deprivation of a federal right be *fairly attributable to the State.*'" (citation omitted)); *Brown v. Muhammad*, No. 23-05155, 2024 WL 3361593, at *2 (E.D. Pa. July 10, 2024) ("A private actor can act under color of state law if her conduct is 'fairly attributable' to the state.").

Here, Plaintiffs do not plead that Defendants were either state actors or that their alleged conduct—filing tax lien foreclosure complaints and prosecuting those actions in state court—is fairly attributable to the state. On the motion to dismiss, Plaintiffs argue that because Defendants retained counsel to represent them in the foreclosure proceedings and because attorneys are "officers of the court," Defendants should be deemed to have engaged in state action. (ECF No. 28 at 9-12 ("The actions of these attorney[s] were performed in their capacity as officers of the court. Those actions were performed on behalf of Christiana Trust as agents of Christiana Trust and as officers of the court." (emphasis removed)).) But Plaintiffs cite no authority that holds that the act of retaining a private attorney constitutes state action, and precedent is clear that private attorneys engaged in litigation are not typically considered to be acting "under color of state law" for the purposes of a section 1983 claim. *See, e.g.*, *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."); *Brown v. Joseph*, 463 F.2d 1046, 1048 (3d Cir. 1972) ("It is settled in this circuit that a private attorney is not a state officer so as to bring his actions within the purview of § 1983."); *Brown v. Caulfield*, No. 21-329, 2021 WL 6498111, at *3 (W.D. Pa. Sept. 2, 2021), *report and recommendation adopted*, 2022 WL 138045 (W.D. Pa. Jan. 14, 2022) (collecting cases). Nor does the mere filing of a civil complaint constitute state action. *See, e.g.*, *Orr v. Resi Whole Loan IV, LLC*, No. 12-1706, 2012

WL 3749983, at *3 (D.S.C. Aug. 3, 2012), *report and recommendation adopted*, 2012 WL 3776873 (D.S.C. Aug. 29, 2012) ("The mere initiation of a state court civil action by private individuals or entities does not constitute 'state action' within the meaning of § 1983."); *Sous v. Timpone*, No. 15-7972, 2016 WL 2625325, at *4 (D.N.J. May 9, 2016) ("Filing a report or a civilian complaint does not transform a private citizen into a State actor."). Accordingly, because there is no basis alleged to find that Defendants were either state actors or engaged in state action, the federal constitutional claims asserted in Counts One through Six must be dismissed.[5]

### B.    COUNT SEVEN—RICO CLAIM

The Amended Complaint asserts a RICO claim against Defendants, conclusorily alleging that they comprise an "enterprise" and that their "illegal activities . . . consist of a scheme to avoid paying taxes to the State of New Jersey[] for business transaction[s] performed in the State of New Jersey." (ECF No. 8 at 28-29 ¶¶ 1-4.) The Amended Complaint further alleges that Christiana Trust "illegally file[d] lawsuits which were barred by law . . . to coerce [Plaintiffs] . . . into paying monies" and "thereby forc[ed] taxpayers including the Family Trusts . . . to pay monies to the Christiana Trust . . . on claims which were illegally obtained." (*Id.* at 29-30 ¶¶ 5-9.)

To plausibly plead a violation of RICO under 18 U.S.C. § 1962(c), a plaintiff "must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Hirsch v. Miles*,

---

[5] Defendants also argue that Plaintiffs' claims should be dismissed based on "[t]he preclusive principles of *res judicata*, collateral estoppel, claim and issue preclusion, and the entire controversy doctrine." (ECF No. 26-1 at 21.) At this point, the Court declines to decide the preclusion issues raised but may revisit them if a further amended complaint is filed. Preclusion defenses such as *res judicata*, collateral estoppel, issue preclusion, and the entire controversy doctrine are affirmative defenses frequently addressed at the summary-judgment stage but that are sometimes decided at the motion-to-dismiss stage. *See Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 280 (3d Cir. 2016) ("The ultimate purpose of this rule is to avoid factual contests at the motion to dismiss stage."); *Irish v. Ferguson*, 970 F. Supp. 2d 317, 353 (M.D. Pa. 2013) ("[C]ollateral estoppel is an affirmative defense, and . . . normally an affirmative defense is first considered during a motion for summary judgment, not a motion to dismiss.").

No. 21-12246, 2022 WL 395816, at *3 (D.N.J. Feb. 9, 2022) (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004)). And when a plaintiff presents a fraud-based RICO claim, the plaintiff "must plead with particularity the circumstances of the alleged fraud." *Mierzwa v. Safe & Secure Self Storage, LLC*, 493 F. App'x 273, 276 (3d Cir. 2012) (citing Fed. R. Civ. P. 9(b)).

Defendants argue that Plaintiffs' RICO claim is not plausibly stated because Plaintiffs do not identify any enterprise, any pattern of racketeering activity, or "allege facts which would state a prima facie cause of action for a RICO violation." (ECF No. 26-1 at 28-29.) Plaintiffs respond that their RICO claim "is based on the attempts of the Christiana Trust to avoid paying taxes," and "[t]here appears to be a nationwide practice of racketeering activity" that it hopes to uncover during discovery. (ECF No. 28 at 12-13.)

After careful review, the Court finds that Plaintiffs have not pled a plausible RICO claim. The Amended Complaint "puts forth only indiscernible statements and pure speculation as to any enterprise," and Plaintiffs do not plausibly identify the conduct of any Defendant establishing that they committed a prohibited racketeering activity that poses a threat of criminal activity. *Smith*, 2017 WL 2560348, at *6; *see also Lawton v. Wells Fargo Bank, N.A.*, No. 22-3294, 2023 WL 2539000, at *6 (E.D. Pa. Mar. 16, 2023).

To the degree Plaintiffs allege that Christiana Trust's litigation of tax lien foreclosure complaints without "jurisdiction" serve as a predicate act, "it is well established that fraudulent litigation activity 'cannot act as a predicate offense for a civil-RICO claim.'" *Applebaum v. Fabian*, No. 22-1049, 2022 WL 17090172, at *1 (3d Cir. Nov. 21, 2022) (quoting *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 525 (5th Cir. 2016)); *see also Verify Smart Corp. v. Bank of Am., N.A.*, No. 17-4248, 2019 WL 1594474, at *11 (D.N.J. Apr. 15, 2019) ("'Courts have expressly found that, as a matter of law, litigation activities cannot be the basis of a wire fraud claim under the RICO statute.' This is because litigation-related activity typically

13

'constitute[s] legitimate conduct of attorneys acting on behalf of a client,' and in instances where such conduct is inappropriate, alternate remedies exist, such as malicious prosecution, abuse of process, or Rule 11 sanctions." (citation omitted)); *Winters v. Jones*, No. 16-9020, 2018 WL 326518, at *9 (D.N.J. Jan. 8, 2018) ("Numerous courts have rejected the theory that the filing of complaints, along with other litigation activity, can be the basis of wire or mail fraud."). And to the degree Plaintiffs allege that Christiana Trust evaded New Jersey taxes by not registering to do business in New Jersey, Plaintiffs have not "articulated any connection between the alleged tax fraud and any personal harm to" them. *McCray v. UNITE HERE*, No. 13-6540, 2014 WL 3519098, at *4 (D.N.J. July 16, 2014) (collecting cases); *see also Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 458 (2006) ("The direct victim of this conduct was the State of New York, not [the plaintiff]. It was the State that was being defrauded and the State that lost tax revenue as a result."); *Garcia v. Anaheim Police Dep't*, No. 22-00002, 2022 WL 21714061, at *3 (C.D. Cal. Jan. 18, 2022) ("[M]ost of the alleged predicate crimes (*e.g.*, election fraud and tax evasion) could not logically cause injury to any private citizen's business or property."). Accordingly, Count Seven is dismissed without prejudice for failure to state a claim.

### C.    COUNT EIGHT—CLAIM AGAINST WILMINGTON SAVINGS FUND SOCIETY, FSB

Count Eight of the Amended Complaint is styled as a claim against "Wilmington Savings Fund Society, FSB," but Plaintiffs do not specify a theory of a claim specific to the bank and instead appear to be seeking to hold the bank liable for the actions of Christiana Trust. (ECF No. 8 at 31-32.) Even if Wilmington Savings Fund Society could be held liable for the claims asserted against Christiana Trust, because all claims against the trust have been dismissed, so must any claims against the bank. Accordingly, Count Eight is dismissed without prejudice for failure to state a claim.

### D.    COUNT NINE—DECLARATORY JUDGMENT

In Count Nine for declaratory judgment, the Amended Complaint lists nineteen questions that Plaintiffs state are, "[b]y way of example," "the issues to be resolved in the case . . . in the prior counts," which "are essentially the same issues to be resolved in [the] declaratory judgment" claim. (ECF No. 8 at 33 ¶ 4.)  Many of the questions listed are basic factual inquiries or restate elements of the constitutional or RICO claims already dismissed.  (*Id.* at 33-36.)  The declaratory judgment claim will be dismissed because, as Plaintiffs acknowledge, the claim is merely duplicative of the other counts that are being dismissed and would fail for the same reasons. Further, as framed, the declaratory claim does not have "utility" and will not "be of significant 'practical help.'"  *Step-Saver Data Sys., Inc. v. Wyse Tech.*, 912 F.2d 643, 647-50 (3d Cir. 1990) (citation omitted); *see also Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) ("We believe that [plaintiff] is not seeking declaratory relief in the true legal sense, however. . . .   In his complaint, [plaintiff] asks that the District Court 'declare' that his constitutional rights were violated.   Declaratory judgment is inappropriate solely to adjudicate past conduct.  Nor is declaratory judgment meant simply to proclaim that one party is liable to another."  (citations omitted)); *Watkins v. Bai Brands, LLC*, No. 17-2715, 2018 WL 999677, at *4 (D.N.J. Feb. 20, 2018) ("[C]ourts have routinely dismissed declaratory judgment claims that are merely redundant of a plaintiff's other claims.").  Accordingly, Count Nine is dismissed without prejudice for failure to state a claim.

### E.    SANCTIONS UNDER RULE 11

Finally, Defendants argue that the Court should sanction Plaintiffs for filing a pleading that is "facially and fatally defective" and that is unreasonable under the governing law.  (ECF No. 26-1 at 29-32.)

Rule 11 imposes an affirmative duty on parties to conduct a reasonable inquiry into the factual and legal basis of claims before filing them with the court. *See Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991). It provides, in relevant part, as follows:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>>
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>>
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

Although Rule 11 is intended to discourage the filing of frivolous, unsupported, or unreasonable claims, "sanctions are warranted only in the exceptional circumstances where a claim or motion is patently unmeritorious or frivolous." *Paris v. Pennsauken Sch. Dist.*, No. 12-7355, 2013 WL 4047638, at *6 (D.N.J. Aug. 9, 2013) (quoting *Goldenberg v. Indel, Inc.*, No. 09-5202, 2011 WL 1134454, at *2 (D.N.J. Mar. 25, 2011)). Indeed, the Third Circuit Court of Appeals has recognized that sanctions should be imposed only in those rare instances when the evident

frivolousness of a claim or motion amounts to an "abuse[ ] of the legal system." *Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988).

Based on what is before the Court at this time, the Court does not determine that the claims brought by Plaintiffs are so frivolous as to merit sanctions as an abuse of the legal system. While the claims are deficient and while Plaintiffs may face significant legal hurdles moving forward in trying to state plausible claims, this case does not rise to the exceptional level where sanctions are warranted.

## IV.    **CONCLUSION**

For the reasons set forth above, and other good cause shown, Defendants' Motion to Dismiss (ECF No. 26) is **GRANTED** in part and **DENIED** in part. An appropriate Order follows.


s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE